UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-320 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Kevin Demetri Blocker, | |
| Defendant. | |

This matter comes before the Court on the parties' "Joint Motion for Extension of Time to File Motions," ECF No. 29. Defendant Kevin Demetri Blocker has also filed a "Statement of Defendant in Support of Motion for Extension," ECF No. 31.

## I. BACKGROUND

Defendant was arraigned on November 22, 2022, and certain pretrial dates were set, including a motions-filing date of December 13, 2022. *See generally* ECF Nos. 10, 13. On December 14, 2022, the day after motions were due, Defendant filed a motion for extension of time.[1] *See generally* ECF No. 18. There being no objection from the Government, the Court granted the requested extension on January 4, 2023. *See generally* ECF No. 26. In relevant part, February 13, 2023, became the new deadline for filing pretrial motions; the response deadline moved to February 27, 2023; and a motions hearing was set for March 6, 2023. ECF No. 26 at 2-3.

---

[1] The Court directed Defendant to file an amended motion specifying the length of the extension he was seeking and a statement of facts in support of the requested extension. *See generally* ECF Nos. 19, 20, 26.

1

A handful of motions were filed by Defendant; three at the end of December and one in mid-January. *See generally* ECF Nos. 21, 23, 24, 27. The motion filed in mid-January, ECF No. 27, is titled "Motion to Exclude Identification Testimony," and seeks suppression of identification evidence, namely, the identification of Defendant from a photo line-up. A memorandum and three exhibits were also filed in support of the motion. *See generally* ECF Nos. 28, 28-1, 28-2, 28-3.

February 13 came and went with no additional filings. February 27 similarly came and went with no additional filings.

On February 28, 2023, the Court reached out to the parties via e-mail to inquire about the status of this case, noting, among other things, that the motions hearing was less than a week away and no response had been filed. The Government responded that the parties were in the midst of plea negotiations and it was her understanding that defense counsel was going to be filing a motion to extend time. The Government offered to file "a motion to file out of time" if that was the Court's preference. The Court advised the parties that no request for an extension of time had been filed and the Court's January 4, 2023 Order remained in full force and effect. The Court further informed the parties that an appropriate motion should be filed "expeditiously" if they intended to request a continuance of the motions hearing or any other deadlines.

The present joint motion was filed the same day. *See generally* ECF No. 29.

## II. LEGAL STANDARD

Rule 12 of the Federal Rules of Criminal Procedure permits the Court to "set a deadline for the parties to make pretrial motions." Fed. R. Crim. P. 12(c)(1). Rule 12

further states that, "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). If a pretrial motion is not made by the deadline, "the motion is untimely." Fed. R. Crim. P. 12(c)(3). The Court may, however, "consider the defense, objection, or request if the party shows good cause." *Id.*

Rule 45 of the Federal Rules of Criminal Procedure addresses extending time. In relevant part, Rule 45 states:

> (1) In General. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> (A) before the originally prescribed or previously extended time expires; or
>
> (B) after the time expires if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45(b).

### III. ANALYSIS

The parties jointly request that the motions-filing deadline be continued to March 21, 2023, and that the deadline for the Government to respond be continued to April 11, 2023. ECF No. 29 at 1. The parties state that they "are currently engaged in settlement negotiations and anticipate an agreement for resolution." ECF No. 29 at 1.

The parties' motion comes two weeks after the motions-filing deadline and one day after the response deadline. While the fact that the parties are presently engaged in

3

negotiating a resolution of this matter explains the reason for the requested extension, no explanation is proffered for the untimeliness of the parties' request.[2]

"As the Supreme Court has said, the question whether neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Stein*, 440 F. Supp. 2d 315, 325 (S.D. N.Y. 2006) (footnote omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also, e.g.*, *Jefferson v. Hicks*, 364 F. App'x 281, 283 (8th Cir. 2010) (per curiam). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect . . . is a somewhat elastic concept and is not strictly limited to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (internal quotation marks omitted); *accord Jefferson*, 364 F. App'x at 283. Courts frequently look to the four-part test in *Pioneer* in determining whether the neglect at issue is excusable. *See United States v. Chujoy*, 207 F. Supp. 3d 660, 664 (W. D. Va. 2016); *see also Jefferson*, 364 F. App'x at 283; *see, e.g.*, *Chujoy*, 207 F. Supp. 3d at 665; *United States v. Ramos*, No. 1:11-cr-111-jgm-1, 2012 WL 6708191, at *7 (D. Vt. Dec. 26, 2012); *Stein*, 440 F. Supp. 22d at 325. This test "considers: (1) the danger of prejudice to the party opposing the motion; (2) the length of the delay and the impact on the judicial proceeding;

---

[2] The parties state in the motion that "[d]efense counsel has yet to file at least one substantive motion (for suppression of evidence) and the Government has yet to file any response to any of defense counsel's motions filed to date." ECF No. 29 at 1. First, it is not accurate to state that no suppression motion has been filed. As outlined above, Defendant filed such a motion accompanied by a supporting memorandum and exhibits on January 19. Second, based on the record before the Court, the passing of the response deadline without the filing of any response appears to have been a choice the Government elected to make.

(3) the reason for the delay and whether it was under the movant's control; and (4) whether the movant acted in good faith." *Chujoy*, 207 F. Supp. 3d at 665; *see also Pioneer Inv. Servs. Co.*, 507 U.S. at 395. In the end, "excusable neglect is a flexible concept. Its parameters are informed by, and roughly congruent with, the interests of justice." *Stein*, 440 F. Supp. 2d at 325 (quotation and footnote omitted).

This is a joint motion. Neither party has claimed prejudice. The length of the delay (at most, two weeks) is modest and, again, both parties seek a continuance of these proceedings. Nor does the Court have any reason to suspect, let alone find, bad faith. Fundamentally, however, it remains difficult to determine whether the parties' neglect of the deadlines set by the Court in this case was excusable absent any explanation for that neglect. It was only after the Court inquired about the status of this matter that the parties took action.

While the better and preferred practice would have been for the parties to seek an extension of any deadlines before those deadlines expired (or, at the very least, to provide an explanation as to why the deadlines were not met), the Court is ultimately guided by the underlying equitable principles, the interests of justice, and the potential prejudice to Defendant himself under the circumstances. Accordingly, pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide the parties and their respective counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. **The parties are strongly cautioned that any future extension requests must be made in a timely fashion.**

## IV. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' "Joint Motion for Extension of Time to File Motions," ECF No. 29, is **GRANTED**.

2. The period of time from **February 28 through March 21, 2023**, shall be excluded from Speedy Trial Act computations in this case.

3. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

4. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **March 21, 2023**. D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

5. All responses to motions shall be filed by **April 11, 2023**. D. Minn. LR 12.1(c)(2).

6. Any Notice of Intent to Call Witnesses shall be filed by **April 11, 2023**. D. Minn. LR 12.1(c)(3)(A).

7. Any Responsive Notice of Intent to Call Witnesses shall be filed by **April 14, 2023**. D. Minn. LR 12.1(c)(3)(B).

8. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

9. Except as otherwise set forth herein, the motions hearing, if required, shall take place before the undersigned on **April 27, 2023, at 1:30 p.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. D. Minn. LR 12.1(d).

10. **TRIAL:**

    a. **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

    All voir dire questions and jury instructions must be submitted to District Judge Donovan W. Frank on or before **June 2, 2023**.

    This case must commence trial on **June 12, 2023**, at **9:00 a.m.** before Judge Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

[Continued on next page.]

    b.    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for Judge Frank to confirm the new trial date.**

Dated: March __9__, 2023

        *s/ Tony N. Leung*
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota

*United States v. Blocker*
Case No. 22-cr-320 (DWF/TNL)